UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22917-CIV-O'SULLIVAN

[CONSENT]

CONTINENTAL INSURANCE COMPANY,
a Pennsylvania insurance company,

        Plaintiff,

vs.

CARIB LINK, S.A.,
a foreign corporation,

        Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss and Memorandum of Law (DE # 7, 1/16/07). The parties have consented to the final disposition of motions by the undersigned. See Election of Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions (DE# 13, 3/22/07). Having carefully reviewed the applicable filings, exhibits and law, it is

**ORDERED AND ADJUDGED**, that Defendant's Motion to Dismiss (DE # 7, 1/16/07) is **DENIED** as more fully explained below.

## DISCUSSION

Carib is the owner of the M/V Linaki. See Complaint (Case No. 06-CV-20805-Huck, DE# 1 at 8, 4/3/06). Continental issued Policy No. H0872672 which insured the M/V Linaki for the policy period of October 22, 2002 to October 22, 2003. See Complaint for Declaratory Relief (DE# 1, 12/4/06). In August 2003, the M/V Linaki

became disabled while en route from Miami to Haiti. Id. at ¶ 7. As a result of this incident, Carib submitted claims for salvage operations, machinery repairs and loss of charter. Id. at ¶¶ 13, 22, 26-27. Continental disputes Carib's entitlement to these claims.

## A. Initial Lawsuit

The initial lawsuit was filed by Carib Link, S.A. (hereinafter "Carib") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 05-25044 CA 05. Carib sued Continental Insurance Company (hereinafter "Continental") for breach of a marine insurance contract (Policy No. H0872672). See Complaint (Case No. 06-CV-20805-Huck, DE# 1 at 8-10, 4/3/06). Continental removed the case to federal court based on diversity jurisdiction. See Notice of Removal, Id. After four and a half months of litigation, the parties filed a Joint Stipulation for Dismissal Without Prejudice (Case No. 06-CV-20805-Huck, DE# 15, 8/16/06) (hereinafter "Stipulation"). The Stipulation contained the following pertinent provisions:

> 3.      Continental . . . will act promptly to take the necessary depositions of Carib . . . and the Master of the M/V LINAKI, required to complete their claim investigation. All depositions may be used at any future trial and in lieu of any future re-depositions.
>
>  4.      Continental will provide Carib . . . with a written position as to coverage within sixty (60) calendar days of completion of the last deposition, setting forth [its] position as to coverage in detail and taking a clear position with regard to acceptance or denial of the claim and coverage." * * *
>
> 6.      In the event that [Carib] re-files the litigation dismissed by this stipulation. [Continental] agrees that Continental . . . will not raise the defense that the claim filed by Carib . . . with Continental was untimely, or the defense that the re-filed litigation addressing the insurance claim filed by Carib . . . under the subject policy is barred by a statute of limitations

2

> or that the claim of Carib . . . under the subject policy is barred by any
> time limit contained in the policy.

Id. at ¶ 3-4. The case was dismissed without prejudice on August 16, 2006 (Case No.

06-CV-20805-Huck, DE# 16). Carib and its counsel received a written coverage

position letter and a copy of the Complaint for the instant action on December 2, 2006

and December 4, 2006, respectively. (DE# 9 at ¶ 4, 1/30/07).

## B.    The Instant Action

On December 4, 2006, Continental filed the instant declaratory judgment action

concerning the interpretation of certain provisions in the marine insurance contract

(Policy No. H0872672) issued to Carib. The instant action is brought under the Court's

admiralty jurisdiction.[1] See Complaint for Declaratory Judgment (DE# 1). The Court

granted Carib an extension of time to file a response to the Complaint (DE# 6,

01/04/2007). On January 16, 2007, Carib filed the instant Motion to Dismiss (DE# 7).

On the same day, Carib also filed a lawsuit against Continental and Southeast

Insurance Brokerage Co. (hereinafter "insurance broker") in state court, Carib Link S.A.

v. Continental Ins. Co., Case Number 07-1222 CA 01 (Fla. Date County Cir. Ct. 2007).

On January 3, 2007, Continental filed its Memorandum in Opposition to Defendant's

Motion to Dismiss and Memorandum of Law (DE# 9). Carib has not filed a reply.

## STANDARD OF REVIEW

A district court's decision whether to exercise jurisdiction in a declaratory action

is discretionary. "[The] district courts possess discretion in determining whether and

when to entertain an action under the Declaratory Judgment Act, even when the suit

---

[1] Marine insurance is a maritime contract within an admiralty court's jurisdiction.
International Sea Food Ltd. v. M/V Campeche, 566 F.2d 482, 485 (5th Cir. 1978).

3

otherwise satisfies subject matter jurisdictional prerequisites." <u>Wilton v. Seven Falls</u> <u>Co.</u>, 515 U.S. 277, 287 (1995). "The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'" <u>Ameritas v. Variable Ins. Co. v. Roach</u>, 411 F.3d 1328, 1330 (11th Cir. 2005) citing <u>Wilton</u>, 515 U.S. at 287. "[T]he test in deciding whether to exercise jurisdiction is whether the controversy 'can better be settled in the proceeding pending in the state court.'" <u>Mega Life and Health Ins. Co. v. Tordion</u>, 399 F. Supp.2d 1366, 1369 (S.D. Fla. 2005) citing <u>Brillhart [v. Excess Ins. Co. of America</u>, 316 U.S. 491, 495 (1942). "[A] federal court should decline jurisdiction where it 'might be indulging in "gratuitous interference" if it permitted the federal declaratory action to proceed.'" <u>Tordion</u>, 399 F. Supp.2d at 1369 citing <u>Wilton</u>, 515 U.S. at 283.

## ANALYSIS

### A.    The Stipulation

According to Carib, the instant action should be dismissed because "the Stipulation [between the parties] provided by its express terms that Carib . . . would be the [p]laintiff and would commence any litigation if necessary and not Continental." <u>See</u> Motion to Dismiss DE# 7 at ¶ 8, 1/16/07). A plain reading of the Stipulation does not support Carib's interpretation. Paragraph 6 of the Stipulation merely provides that if Carib refiles the dismissed litigation, Continental would not raise certain affirmative defenses. There are no provisions in the Stipulation which prohibit Continental from filing the instant action. Thus, the Court finds no merit in this argument.

## B.     Dismissal under the Declaratory Judgment Act

Carib also contends that the instant action should be dismissed because "[Continental] should not be allowed to profit from its guile and its speed in racing to the courthouse." See Motion to Dismiss (DE# 7 at 5, 1/16/07). Specifically, Carib argues that Continental gained a tactical advantage in filing the instant action "four days before it was obligated to accept or decline coverage" by "position[ing] itself as the plaintiff," denying Carib . . . the opportunity to pursue its claims in state court" and "deny[ing] Carib . . . the jury trial right that it would enjoy in state court." Id. at 3-4.

A district court has the discretion to abstain or continue to exercise jurisdiction under the Declaratory Judgment Act. Wilton, 515 U.S. at 287. In Ameritas Variable Life Insurance Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005), the Eleventh Circuit set forth a list of non-exclusive guidepost factors a district court should consider in determining whether to retain jurisdiction or dismiss a declaratory judgment action. These factors are as follows:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id. at 1331. The Eleventh Circuit further instructed that this "list is neither absolute nor is any one factor controlling." Id. Carib has not addressed these factors. The Court finds that the Ameritas factors favor retaining jurisdiction over the instant action for the reasons discussed below.

The first factor is "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts." Ameritas, 411 F.3d at 1331. The legal issues presented in this case concern the interpretation of certain provisions in a marine insurance contract and stem from an incident which occurred outside of Florida. See Complaint for Declaratory Relief (DE# 1, 12/4/06). Continental argues that "Federal substantive general maritime law predominates the issues in this case." See Memorandum in Opposition to Defendant's Motion to Dismiss (DE# 9 at 9, 1/30/07). "[W]hile maritime insurance contracts are within the admiralty jurisdiction of the federal courts, state law will control in the absence of an admiralty rule." Continental Ins. Co. v. Roberts, 410 F.3d 1331, 1333 (11th Cir. 2005) citing Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 320-21 (1955). Nonetheless, "[a]dmiralty courts are uniquely equipped to deal with questions of marine insurance, regardless of whether state law or general maritime law is applied." International Sea

Food Ltd. v. M/V Campeche, 566 F.2d 482, 485 (5th Cir. 1978). Thus, the state's interests in the instant action are not so unique or novel as to compel this Court to abstain from exercising jurisdiction.

The second factor, "whether the judgment in the federal declaratory action would settle the controversy," only slightly favors abstention. Ameritas, 411 F.3d at 1331.  In the state court action, Carib sued Continental for breach of the marine insurance contract. The Court's resolution of the instant declaratory action would resolve the controversy between Carib and Continental. Carib also sued the insurance broker for negligence and breach of fiduciary duty. See Memorandum in Opposition to Motion to Dismiss (DE# 9 at 13, 1/30/07). The insurance broker is not a party in the federal action. However, Carib may be able to join the insurance broker as a third-party defendant to the instant action.[2] Thus, the insurance broker's inclusion in the state court proceeding should not impede the exercise of federal court jurisdiction.

With respect to the third factor, resolution of the instant declaratory judgment action would serve a useful purpose in clarifying the parties' legal relations. In the state court action, Carib has sued Continental for breach of the maritime insurance contract. Certainly, a determination of the parties' rights under the maritime insurance contract would clarify the parties' legal relations.

---

[2] See Romen, Inc. v. Price-Forbes, Ltd, 824 F.Supp 206, 208 (S.D. Fla. 1992) (denying insurance brokers' motion to dismiss for lack of subject matter jurisdiction and finding broker's services impacted maritime matters).

The fourth factor concerns procedural fencing. Carib argues that Continental raced to the courthouse in order to gain a tactical advantage. The Court finds that Continental has not engaged in procedural fencing. Continental properly brought the instant action under the Court's admiralty jurisdiction. Moreover, in light of the initial lawsuit, Continental had reason to believe that it would be able to remove the case to federal court had Carib filed its action first. Continental did not have reason to anticipate that Carib would also sue the insurance broker thereby precluding removal on diversity grounds. Thus, this factor does not favor abstention.

The fifth factor,  "whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction," also weighs against dismissal. Ameritas, 411 F.3d at 1331. If the Court retains jurisdiction in the instant action, it would not necessarily increase friction or encroach upon the state court. Continental does not allege any state law claims against Carib.

Under the sixth factor, the Court must examine "whether there is an alternative remedy that is better or more effective." Ameritas, 411 F.3d at 1331. This factor seeks to avoid piecemeal litigation. Although the state court action raises claims against an additional defendant, the insurance broker, Carib may be able to include the insurance broker as a third-party defendant. Thus, this factor does not necessarily compel abstention.

The seventh and eighth factors concern "whether the underlying factual issues are important to an informed resolution of the case" and if so "whether the state trial

8

court is in a better position to evaluate those factual issues than is the federal court." Ameritas, 411 F.3d at 1331. These factors do not favor abstention. The "underlying factual issues are important to an informed resolution of the case." However, no discovery appears to have taken place in the state court action. See Docket, Carib Link S.A. v. Continental Ins. Co., Case Number 07-1222 CA 01 (Fla. Date County Cir. Ct. 2007). Moreover, the state trial court is not in a better position to evaluate the factual issues in the instant action. Both the state court and federal forum are in Miami, Florida and thus, the state court forum poses no geographic advantage over the federal forum with respect to evidence or witnesses. Additionally, if the Court retains jurisdiction, this case is expected to proceed to trial on January 7, 2008. (DE# 21, 4/10/07). Conversely, the state court action has not been set for trial. See Docket, Carib Link S.A. v. Continental Ins. Co., Case Number 07-1222 CA 01 (Fla. Date County Cir. Ct. 2007).  In fact, no activity has occurred in the state court case since the filing of the Complaint. Id.

Lastly, the ninth factor concerns "whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." Ameritas, 411 F.3d at 1331. This factor does not favor abstention. Continental's Complaint for Declaratory Relief raises federal maritime law issues concerning the interpretation of the subject marine insurance contract and does not appear to implicate state law polices.

## CONCLUSION

The Stipulation did not preclude Continental from filing the instant action.

Additionally, in applying the <u>Ameritas</u> factors, there are insufficient grounds for

dismissal. In accordance with the foregoing, it is

**ORDERED AND ADJUDGED**, that Defendant's Motion to Dismiss (DE # 7,

1/16/07) is **DENIED**.

DONE and ORDERED in Chambers at Miami, Florida this **18th** day of April,

2007.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record

10