UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22917-CIV-O'SULLIVAN
[CONSENT]

CONTINENTAL INSURANCE COMPANY,
A Pennsylvania Insurance Company,

        Plaintiff,

vs.

CARIB LINK, S.A.,
a foreign corporation,

        Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Continental Insurance Company's Motion to Sever Defendant's Third Party Complaint (DE # 30, 6/11/2007) and Continental Insurance Company's Motion to Strike Defendant's Answer, Affirmative Defenses and Counter-Claim in Whole or in Part (DE# 32, 6/12/07).  Having reviewed the applicable filings and the law and for the reasons stated below, it is hereby

ORDERED AND ADJUDGED that Continental Insurance Company's Motion to Sever Defendant's Third Party Complaint (DE # 30, 6/11/2007) and Continental Insurance Company's Motion to Strike Defendant's Answer, Affirmative Defenses and Counter-Claim in Whole or in Part (DE# 32, 6/12/07) are **DENIED**.

## LEGAL ANALYSIS

A.    Motion to Strike Defendant's Answer, Affirmative Defenses and Counter-Claim in Whole or in Part

    1.    Defendant's Untimely Answer

The plaintiff seeks to strike the defendant's Answer, Affirmative Defenses and Counter-Claim because it was filed three days late. See Continental Insurance

Company's Motion to Strike Defendant's Answer, Affirmative Defenses and Counter-Claim in Whole or in Part (DE# 32 at 3-4, 6/12/07). The defendant responds that "[a]mong other things[,] Carib filed its pleading late by three days because it had been improperly calendered." See Defendant's Response to Plaintiff's Motion to Strike Defendant's Answer, Affirmative Defenses and Counter-Claim in Whole or in Part (DE# 44 at 5, n. 3, 7/17/07). Additionally, the defendant points out that the plaintiff was not prejudiced by this late filings. Id. at 5.

The Court finds that striking the defendant's untimely answer is unwarranted under these circumstances. The determination of whether to accept a late filing based on excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993). The factors to be considered are "the danger of prejudice to the [opposing party], the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Here, the defendant's answer was only three days late, plaintiff has not alleged any prejudice as a result of the delay, the defendant acted in good faith and has explained that the delay was due to a calendaring error. Thus, the plaintiff's request to strike the untimely answer is denied.

### 2. Defendant's Counter-Claim

The plaintiff also moves to strike paragraphs 52 though 68 of the defendant's counter-claim because the issues raised in those paragraphs were rendered moot by the Joint Stipulation and the dismissal of the previous case. See Continental Insurance Company's Motion to Strike Defendant's Answer, Affirmative Defenses and Counter-Claim in Whole or in Part (DE# 32 at 6, 6/12/07). According to the plaintiff, "[t]he

inclusion of such matters in the [c]ounter-[c]laim by [the defendant] is nothing more than an improper effort to impugn, malign and attack [the plaintiff] through redundant, immaterial, impertinent and scandalous allegations in clear violation of Rule 12(f) of the Federal Rules of Civil Procedure." Id. at 7. The defendant responds that "paragraphs 52 through 68 are relevant and material as they support [the defendant's] counterclaim for [b]reach of [c]ontract and its third party complaint. It is also plain that paragraphs 52 through 68 . . . are not 'redundant, immaterial, imprudent, or scandalous' as [p]laintiff seems to be arguing." See Defendant's Response to Plaintiff's Motion to Strike Defendant's Answer, Affirmative Defenses and Counter-claim in whole or in part (DE# 44 at 5, 7/17/07).

The defendant asserts a counter-claim for breach of contract against the plaintiff. See Answer, Affirmative Defenses, Counterclaim and Third Party Complaint (DE# 29, 6/1/07). The allegations in paragraphs 52 through 68 relate to the defendant's claim that "[the plaintiff] breached the insurance contract by failing to pay for losses and expenses incurred by [the defendant] as a result of the covered perils." Id. at ¶ 73. The Court agrees that the subject paragraphs are relevant to the defendant's counter-claim against the plaintiff. Additionally, the Court does not find that the allegations in paragraphs 52 through 68 are "redundant, immaterial, impertinent, [] scandalous" or should otherwise be stricken under Fed R. Civ. P. 12(f). Accordingly, the plaintiff's request to strike paragraphs 52 through 68 of defendant's counter-claim is denied.

B.     **Motion to Sever Defendant's Third Party Complaint**

The plaintiff seeks to sever the defendant's Third Party Complaint against

Southeast Insurance Brokerage Company (hereinafter "Southeast").[1] See Continental Insurance Company's Motion to Sever Defendant's Third Party Complaint (DE# 30, 6/11/07). Southeast was the insurance broker who procured the marine insurance policy at issue on behalf of the defendant. See Answer, Affirmative Defenses, Counterclaim and Third Party Complaint (DE# 29 at ¶ 32, 6/1/07). The third party complaint alleges negligence and breach of fiduciary duty against Southeast.

The plaintiff maintains that Southeast was improperly joined as a third party to the instant case because "[t]he allegations of the [t]hird [p]arty complaint are irrelevant to the basic factual and legal issues of this case and to allow them to go forward with the underlying litigation would be a waste of this Court's time." See Continental Insurance Company's Motion to Sever Defendant's Third Party Complaint (DE# 30 at 5, 6/11/07). The defendant counters that "[t]he facts surrounding this controversy relate to the same incident and sequence of events. Any trial of these matters will involve the same witnesses and documentary evidence." See Defendant's Response to Continental Insurance Company's Motion to Sever Defendant's Third Party Complaint (DE# 45 at 5, 7/17/07). The defendant also argues that if its claim against Southeast survives, discovery between the plaintiff and the defendant "will not be in any way greater" and that it will be in the interest of judicial economy to allow the claims against the broker to proceed. Id. Lastly, the defendant maintains that "[Southeast] is an indispensable party to this action as it could ultimately be liable to either [the defendant]

---

[1] The Court notes that no return of summons has been filed with respect to Southeast. The third party complaint was filed on June 1, 2007. The defendant has until Monday, October 1, 2007 to properly serve Southeast. See Fed. R. Civ. 4(c)(1), (h), (m) (requiring that service be made within 120 days); Fed. R. Civ. P. 6(a) (when the last day for performance of an act required by the Rules falls on a Saturday, performance is due on the next business day).

or [the p]laintiff for statements it had made surrounding the incident that is at the core of these proceedings." Id. [2]

The Court finds that severing the third party complaint is not warranted in this case. Rule 42(b), provides that:

> The court, **in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy**, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b) (emphasis added). Also, Rule 20(b) provides that "[t]he court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice." Fed. R. Civ. P. 20(b). In this case, there will be no prejudice to the plaintiff and the plaintiff will not incur additional expense delay or embarrassment if the defendant's claims against Southeast are allowed to proceed. The Court also finds that the claims against Southeast are sufficiently related to the facts giving rise to the instant action. Thus, the third party complaint should not be severed in the interest of judicial economy.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Continental Insurance Company's Motion to Sever Defendant's Third Party Complaint (DE # 30, 6/11/2007) and Continental

---

[2] The Court does not need to address this last argument because it finds that severing the third party complaint is not warranted in this case.

Insurance Company's Motion to Strike Defendant's Answer, Affirmative Defenses and Counter-Claim in Whole or in Part (DE# 32, 6/12/07) are **DENIED**.

**DONE AND ORDERED**, in Chambers, at Miami, Florida, this **24th** day of September, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record