UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22917-CIV-O'SULLIVAN
[CONSENT]

CONTINENTAL INSURANCE COMPANY,
A Pennsylvania Insurance Company,

        Plaintiff,

vs.

CARIB LINK, S.A.,
a foreign corporation,

        Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Continental Insurance Company's Motion to Dismiss Defendant's Third-Party Complaint and Motion to Quash Third-Party Summons (DE # 63, 10/2/2007) and Carib Link, S.A.'s Motion for Extension of Time (DE# 66, 10/4/07).[1] Having reviewed the applicable filings and the law and for the reasons stated below, it is hereby

ORDERED AND ADJUDGED that Continental Insurance Company's Motion to Dismiss Defendant's Third-Party Complaint and Motion to Quash Third-Party Summons (DE # 63, 10/2/2007) is **DENIED**.

Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice to that defendant or direct that service be effected within a specified time; provided that **if the plaintiff shows good cause for**

---

[1] Carib Link's Motion for Extension of Time was filed as part of Defendant's Response to Plaintiff's Motion to Dismiss Th[ir]d Party Complaint and Motion to Quash Third Party Summons and Cross Motion for Extension of Time (DE# 66, 10/4/07).

> **the failure, the court shall extend the time for service for an appropriate period**.

Fed. R. Civ. P. 4(m) (emphasis added). The rule "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." Geiger v. Allen, 850 F.2d 330, 331 (7th Cir. 1988), quoting Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985).

Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of "good cause." See Horenkamp v. Van Winkle and Company, Inc., 402 F.3d 1129, 1132 (11th Cir.2005). In Horenkamp, the Eleventh Circuit identified situations when relief may be justified in the absence of good cause such as when "the applicable statute of limitations would bar the refiled action." Id. (citing Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments).

Here, the Third Party Complaint was filed on June 1, 2007. See Answer, Affirmative Defenses, Counterclaim and Third Party Complaint (DE# 29, 6/1/07). On September 24, 2007, the Court issued an Order (DE# 57) denying Continental Insurance Company's Motion to Sever Defendant's Third Party Complaint (DE# 30, 6/11/07). In its Order, the Court noted that the deadline to properly serve the third party defendant was October 1, 2007. See Order (DE# 57 at 4, 9/24/07). The third party defendant was served on October 3, 2007. See Defendant's Response to Plaintiff's Motion to Dismiss Th[ir]d Party Complaint and Motion to Quash Third Party Summons and Cross Motion for Extension of Time (DE# 66, 10/4/07). The defendant indicates that if the third party complaint is dismissed without prejudice the statute of limitations may be raised as a defense. The Court finds that under these circumstances, the deadline to serve the third party defendant should be extended. Accordingly, it is

ORDERED AND ADJUDGED that Carib Link, S.A.'s Motion for Extension of

Time (DE# 66, 10/4/07) is **GRANTED**. It is further

ORDERED AND ADJUDGED that the defendant shall file with the Clerk of the Court a return of summons evidencing the October 3, 2007 service on the third party defendant by **Thursday, October 11, 2007**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **5th** day of October, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record